JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-00282-KK-MARx** | Date: | October 1, 2026 |
|---|---|---|---|
| Title: | ***Gregory Callendar v. Portfolio Recovery Associates, LLC*** | | |

| Present: The Honorable | KENLY KIYA KATO, UNITED STATES DISTRICT JUDGE |
|---|---|

| Dominique Carr | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **(In Chambers) Order DISMISSING the Instant Action for Failure to Prosecute**

## I. PROCEDURAL HISTORY

On January 22, 2026, plaintiff Gregory Callendar ("Plaintiff") filed a Complaint against defendant Portfolio Recovery Associates, LLC ("Defendant"). ECF Docket No. ("Dkt.") 1. On May 29, 2026, the Court granted Defendant's motion to dismiss the Complaint, Dkt. 14, and granted leave for Plaintiff to file a First Amended Complaint ("FAC") "no later than 14 days" from the date of the Order. Dkt. 23 at 5. The Court further advised Plaintiff "failure to timely file a [FAC] will result in this action being dismissed for failure to prosecute and comply with Court orders." Id. (citing Fed. R. Civ. P. 41(b)).

To date, Plaintiff has not filed a FAC. Plaintiff is, therefore, in violation of the Court's May 29, 2026 Order. See id.

## II. DISCUSSION

It is well established that district courts have sua sponte authority to dismiss actions for failure to prosecute or comply with court orders. See Fed. R. Civ. P. 41(b); see also Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating a court may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (affirming district court's dismissal of action pursuant to Federal Rule of

Civil Procedure 41(b) for failure to comply with court order). In deciding whether to dismiss an action for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)), overruled on other grounds by Langere v. Verizon Wireless Servs., LLC, 983 F.3d 1115, 1117 (9th Cir. 2020).

In the instant action, the first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal. Plaintiff has not complied with the Court's May 29, 2026 Order. Dkt. 23. This failure to prosecute and follow court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently.

The third factor – prejudice to the defendant – also weighs in favor of dismissal. A rebuttable presumption of prejudice to the defendant arises when a plaintiff unreasonably delays prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests such a presumption is unwarranted in this case.

The fourth factor – public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal. It is Plaintiff's responsibility, however, to move towards disposition at a reasonable pace and avoid dilatory and evasive tactics. See Morris v. Morgan Stanley & Co., 942 F.2d 648, 652 (9th Cir. 1991). Plaintiff has not discharged this responsibility despite having been: (1) instructed on Plaintiff's responsibilities; (2) granted sufficient time in which to discharge them; and (3) warned of the consequences of failure to do so. See Dkt. 23 at 5. Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to obey court orders or to file responsive documents within the time granted.

The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal. The Court cannot move the case toward disposition without Plaintiff's compliance with court orders or participation in this litigation. Plaintiff has shown Plaintiff is either unwilling or unable to comply with court orders by failing to file responsive documents or otherwise cooperating in prosecuting this action.

Finally, while dismissal should not be entered unless Plaintiff has been notified dismissal is imminent, see W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990), the Court has explicitly warned Plaintiff about the possibility of dismissal, see Dkt. 23 at 5.

## III.
## CONCLUSION

Accordingly, the Court **DISMISSES** this action without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with Court orders. **IT IS FURTHER ORDERED** that the Clerk of Court shall close this action. (JS-6)

**IT IS SO ORDERED.**

JS-6